# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

_____

HELEN LOKASH, individually and as a
Member of YORMEX LTD. CO., a New
Mexico limited liability company,

        Plaintiff,

v.                                     No. CIV 99-34 BB/RLP

THOMAS H. FAGAN, CAROLYN W.
FAGAN, HARRY CHALMERS, DALE
BAGLEY and NEW MEXICO SPORTS &
PHYSICAL FITNESS THERAPY, INC., a
New Mexico corporation,

        Defendants/ Cross Plaintiffs,

v.

HELEN LOKASH, PAUL LOKASH, YORK
HOLDINGS (DELAWARE) INC., and
GLOTECH, INC.

        Cross Defendants.


## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's objections (Doc. 47) to an order entered by the Magistrate Judge, ordering that the major portion of this case be submitted to arbitration and staying the remainder of the case pending that arbitration. (Doc. 46). The Court has reviewed the submissions of the parties and the relevant law, and, for the reasons set forth below, finds that the Magistrate's order should be affirmed.

When a party objects to the recommendation of a Magistrate, this Court must make a de novo determination of those portions of the recommendation to which objection is made. 28 U.S.C. §

636(b)(1). In this case, Plaintiff has objected to the Magistrate's finding that Defendants did not waive their right to arbitration. Therefore, the waiver question is the sole issue addressed in this opinion.

In determining whether Defendants waived arbitration, this Court must consider the following factors: (1) whether Defendants took actions inconsistent with the right to arbitrate; (2) whether the litigation machinery was substantially invoked *before Defendants notified Plaintiff of their intent to arbitrate;* (3) whether Defendants delayed for a long period before seeking a stay of the action, or requested arbitration close to the trial date; (4) whether Defendants filed a counterclaim *without asking for a stay of the proceedings*; (5) whether Defendants had taken advantage of judicial discovery procedures *not available in arbitration*; and (6) whether the delay affected, misled, or prejudiced Plaintiff. *See Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 39 F.3d 1482, 1489 (10th Cir. 1994).

The Court has emphasized portions of some of the factors above because Plaintiff's arguments concerning waiver ignore those emphasized portions. Much of Plaintiff's argument is focused on the fact that a certain amount of discovery has taken place in this lawsuit, that Defendants filed counterclaims (including some claims that might not be arbitrable), and that this litigation is proceeding on a certain schedule that has not been altered due to the possibility of arbitration. However, it is important to point out that Defendants, in their answer and counterclaim to Plaintiff's complaint, requested that the action be stayed because there was an arbitration clause in the parties' contract. (Doc. 6) Defendants again, in the initial pretrial report, filed August 3, 1999, noted their intention to file a motion requesting that all or part of the action be referred to arbitration in accordance with the parties' contract. (Doc. 28) All of the "substantial" litigation Plaintiff claims

2

has occurred in this case took place after these two documents were filed. Therefore, all of the activity in the case has occurred with full notice of Defendants' claim that many of the issues in the case should be arbitrated. Furthermore, Defendants filed their motion to stay the lawsuit and compel arbitration in November, 1999, which was not an undue period of delay, especially since Plaintiff had ample notice that the motion would be filed. Finally, although Plaintiff points to the fact that a substantial amount of discovery, especially production of documents, has taken place in this case, she has not explained the likely extent of discovery necessary for the arbitration process. It thus appears Defendants have not unfairly taken advantage of the litigation process to gain information that would not have been available during the arbitration.

Plaintiff also argues Defendants acted inconsistently with the right to arbitrate. This argument is based several actions taken by Defendants' counsel while the parties were litigating several lawsuits in state court. One of the lawsuits had been dismissed for lack of prosecution, while another had been referred to arbitration.[1] Plaintiff attempted to reinstate the dismissed lawsuit and consolidate it with the case that was already in arbitration, and Defendants opposed that effort. Plaintiff argues this opposition was an action inconsistent with the right to arbitrate. The Court, however, sees no inconsistency between Defendants' opposition to the reinstatement of a dismissed lawsuit and the right to arbitration, especially since there was already an arbitration pending in another case.

Plaintiff also sent a document entitled "Respondent's Answer in Arbitration" to Defendants' counsel during the state-court proceedings. Defendants' counsel responded with a letter indicating his clients had not filed an arbitration action, and he therefore had no idea what the "Answer"

---

[1]The state court referred the case to arbitration in 1997, yet apparently the arbitration has not been completed at this point. The reasons for this long delay have not been explained to the Court and are therefore not relevant to this decision.

document was.  Plaintiff interprets this letter as a denial that arbitration should occur, and an act inconsistent with the right to arbitrate.  The Court, on the other hand, interprets the letter as a somewhat technical, overly-zealous response to the pending situation.  It was true that Defendants had not filed an action in arbitration, since Plaintiff requested the arbitration in the state-court action, and the referral to arbitration was a result of that request.[2]  Therefore, it appears to have been true that an "Answer in Arbitration" might not have been the proper title for Plaintiff's pleading.  It is also true that the preferable, and more collegial, course of action for Defendants' counsel to follow would have been to telephone opposing counsel and inquire as to the nature of pleading, rather than firing off a letter indicating counsel had "absolutely no idea" what the pleading was.  Doing so might have gotten the long-delayed arbitration back on track and avoided this federal-court action altogether. However, the Court does not construe the letter as a denial of the right to arbitrate or as defiance of the state court's direct order that the parties arbitrate their grievances.

**Conclusion**

It is black-letter law that arbitration is favored by the courts, and agreements to arbitrate are construed broadly.  Accordingly, any waiver of the right to arbitrate should be clear and unequivocal. In this case, Defendants made it plain from the beginning of the lawsuit that they believed they were entitled to arbitrate the issues and they intended to file pleadings requesting such arbitration. Therefore, the Court adopts the Magistrate's finding that no waiver of the right to arbitrate occurred in this case.  The Court also adopts the recommendations of the Magistrate as to staying the

---

[2]It is not clear whether or why Plaintiff has changed her mind and now prefers litigation to arbitration.  Again, neither party has explained the reasons for this change, and it is not relevant to the Court's decision.

remainder of the case pending arbitration, since no objection has been raised to that portion of the recommendation.

## ORDER

In accordance with the foregoing Memorandum Opinion, Plaintiff's objections to the Magistrate Judge's recommendations are hereby **DENIED**. The case shall be referred to arbitration and stayed in accordance with the Magistrate's order, and the remainder of the case shall also be stayed pending such arbitration.

Dated this 22[d] day of May, 2000.


_____
BRUCE D. BLACK
United States District Judge

**Attorneys:**

**For Plaintiff**
F. Michael Carroll
Burch & Cracchiolo, P.A.
702 East Osborn Rd., Suite 200
Phoenix, Arizona  85014

Adam D. Levine
644 Don Gaspar Ave.
Santa Fe, New Mexico 87501

**For Defendants**
Keith S. Burn
Burn & Littlefield, P.C.
2929 Coors Boulevard, N.W., Suite 306
Albuquerque, New Mexico 87120