# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

HELEN LOKASH, individually and as a Member of YORMEX LTD. CO., a New Mexico limited liability company,

        Plaintiff,

v.                                                     No. CIV 99-34 BB/RLP

THOMAS H. FAGAN, CAROLYN W. FAGAN, HARRY CHALMERS, DALE BAGLEY and NEW MEXICO SPORTS & PHYSICAL FITNESS THERAPY, INC., a New Mexico corporation,

        Defendants/ Cross Plaintiffs,

v.

HELEN LOKASH, PAUL LOKASH, YORK HOLDINGS (DELAWARE) INC., and GLOTECH, INC.

        Cross Defendants.

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff's motion to confirm the award made by an arbitrator (Doc. 74). On November 6, 2001, this Court entered an order confirming the award. On the same day, Defendants filed an objection to the motion for confirmation. That objection does not address the merits of the arbitrator's decision. Instead, Defendants object to certain aspects of the prejudgment and post-judgment interest awarded by the arbitrator. This opinion, therefore, determines only those issues and the form of the judgment that will be entered in this case.

There are three time periods of significance in this case, with respect to the question of interest. First is the period from January 9, 1999 to October 9, 2001, the date of the arbitrator's award. The arbitrator awarded prejudgment interest at a rate of seven percent per annum for that period. Defendants mildly object to the award of prejudgment interest, but acknowledge that it was within the arbitrator's discretion to enter such an award, and do not object to the rate of seven percent. The Court agrees that the arbitrator had discretion to make an award of prejudgment interest, and will therefore confirm that award, as well as the rate of seven percent per annum.

The next relevant time period is from October 9, 2001, to the date this Court files a judgment confirming the arbitrator's award. The arbitrator awarded interest at a rate of eight and three-quarters percent from October 9 forward, until the amount awarded, plus costs and prejudgment interest, is paid. Although the arbitrator did not call this award post-judgment interest, the effect of the award is the same as if the arbitrator awarded post-judgment interest starting on the date of his award. This is so because the rate of interest changed, and the new rate of interest is to accrue until the entire amount owed is paid. However, it is clear that an arbitrator's award does not constitute a "judgment" for purposes of initiating the accrual of post-judgment interest. Instead, the post-arbitration-award period is a continuation of the pre-judgment period, with a significant difference: a decision to grant post-award, pre-confirmation-judgment interest, and the rate thereof, is the province of the district court rather than the arbitrator. *See, e.g., Fort Hill Builders v. National Grange Mut. Ins.*, 866 F.2d 11, 14 (1st Cir.1989) (discussing post-award, pre-confirmation interest as prejudgment interest); *Moran v. Arcano*, 1990 WL 113121 (S.D.N.Y. 1990) (decision to award post-award, pre-judgment interest is question for district court, and it does not matter whether arbitrator has failed to make such an award). The Court will exercise its discretion to grant post-

2

award, prejudgment interest, but at the same prejudgment interest rate specified by the arbitrator for the period prior to October 9. Therefore, the seven percent per annum interest rate will remain in effect for the period from October 9 to the date of the judgment confirming the arbitration award.

The final time period in question here is the post-judgment period that begins on the date this Court files a judgment confirming the arbitration award. Under the arbitrator's award, the amount owed by Defendants is to accrue interest at a rate of eight and three-quarters percent until that amount is paid. However, it was beyond the arbitrator's power to specify the rate of post-judgment interest to be paid once his award is confirmed by this Court. Instead, the federal arbitration statute specifies that a judgment confirming an arbitration award is to be treated like any other federal judgment, which means the federal post-judgment interest rate applies rather than the rate set by the arbitrator. *See Carte Blanche (Singapore) PTE., Ltd. v. Carte Blanche Int'l, Ltd.*, 888 F.2d 260, 269 (2d Cir. 1989) (affirming district court's reduction of post-judgment interest rate set by arbitrators to that provided by federal statute); *Parsons & Whittemore Alabama Machinery and Services Corp. v. Yeargin Constr. Co., Inc.*, 744 F.2d 1482, 1484 (11th Cir. 1984) (same); *Mantle v. The Upper Deck Co.*, 956 F.Supp. 719, 739 (N.D. Tex. 1997) (arbitration tribunal had no power to specify rate of post-judgment interest).[1] The rate of post-judgment interest to be awarded, therefore, will be based on 28 U.S.C. § 1961(a), and will not be the eight and three-quarters percent set by the arbitrator.

---

[1] The *Mantle* case also holds that the arbitration tribunal had authority to award prejudgment interest from the date of its award to the date of the judgment confirming the award. As noted above, this conclusion is contrary to other federal cases, and the Court does not agree with it. However, the *Mantle* court's holding as to post-judgment interest is correct.

**Conclusion**

Based on the foregoing, a judgment will be entered confirming the arbitration award, except for the portion of the award initiating post-judgment interest as of October 9, 2001 and establishing a rate of eight and three-quarters percent. Instead, the seven percent rate will remain in effect until the date of this Court's judgment, and thereafter the judgment will bear interest at the statutory rate.

Dated this 5th of December, 2001.

　　　　　　　　　　　　　　　　　　　／s／ Bruce D. Black
　　　　　　　　　　　　　　　　　　　BRUCE D. BLACK
　　　　　　　　　　　　　　　　　　　United States District Judge

**Attorneys:**

**For Plaintiff**
F. Michael Carroll
Burch & Cracchiolo, P.A.
702 East Osborn Rd., Suite 200
Phoenix, Arizona 85014

**For Defendants**
Keith S. Burn
Cuddy, Kennedy, Hetherington, Albetta & Ives, LLP
P.O. Box 4160
Santa Fe, New Mexico 87502-4160